IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CHARLES DAVIS,                                  )
                                                )
                    Plaintiff,                  )
                                                )
vs.                                             )        Case No.  12-cv-2013 EFM/GLR
                                                )
U.S.D. 500 and                                  )
STEPHEN VAUGHN,                                 )
                                                )
                    Defendants.                 )
_____)

## COMPLAINT

Plaintiff, Charles Davis, for his claims against defendants Unified School District 500 (U.S.D. 500) and Stephen Vaughn states and alleges the following:

## JURISDICTION AND VENUE

1.      This is an employment case based upon and arising under 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"), and the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

2.      This court has subject matter jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331, since these claims arise under federal statutory law. Plaintiff has received a right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC") regarding the Title VII claims asserted in this lawsuit, and he filed this action within 90 days of the receipt of that letter.

3.      All of the unlawful acts and practices set forth below were committed in the State of Kansas, and venue is proper in this court pursuant to 28 U.S.C. § 1391(b).

1

## PARTIES

4.      Plaintiff, Charles Davis, was formerly employed by defendant U.S.D. 500 as Head Custodian of Wyandotte High School.  He was demoted out of that position and is currently a Relief Custodian for U.S.D. 500.  Plaintiff is African-American and resides in Kansas City, Kansas.

5.      Defendant, U.S.D. 500, is a governmental entity organized and operating pursuant to the laws of the State of Kansas.  U.S.D. 500 is located in Wyandotte County, Kansas City, Kansas.

6.      Defendant, Stephen Vaughn, is the Director of Classified Human Resources for U.S.D. 500.  Mr. Vaughn is being sued in his personal capacity, and not in his official capacity.

## FACTUAL ALLEGATIONS

7.      Plaintiff began working for defendant, U.S.D. 500, in September of 1990.

8.      On August 14th, 2007, plaintiff received notice from defendant, U.S.D. 500, that he was being terminated from his position as Head Custodian of Wyandotte High School.

9.      On August 20th, 2007, plaintiff filed a charge with the EEOC regarding his August 14th termination.  Mr. Vaughn was aware that plaintiff had filed this charge.

10.      On August 27th, 2007, plaintiff attended a termination appeal hearing in front of a committee of the U.S.D. 500 Board of Education.

11.      On August 29th, 2007, plaintiff received notice from U.S.D. 500 that the Board of Education had decided to reinstate plaintiff, albeit to a different job within the district, at a lower rate of pay.

12.     On or about August 30th, 2007, plaintiff was demoted to the position of Janitor with Whittier Elementary School.

13.     On or about August 25th, 2008, plaintiff received a right-to-sue letter from the EEOC.

14.     On or about November 24th, 2008, plaintiff applied for the Head Custodian position at Argentine Middle School, located within U.S.D. 500.  Plaintiff was granted an interview for this position.  Despite being well qualified, plaintiff was not hired for this position.

15.     On or about May 6th, 2009, plaintiff applied for the Head Custodian position at Silver City Middle School, located within U.S.D. 500.  Despite being the best qualified applicant, plaintiff was not hired for this position.

16.     On or about December 4th, 2009, plaintiff applied for another Head Custodian position at a school located within U.S.D. 500.  Despite being the best qualified applicant, plaintiff was not hired for this position.

17.     In December of 2009 plaintiff was transferred from his position as a Janitor with Whittier Elementary to the position of Relief Custodian for U.S.D. 500.  In this position, plaintiff provided relief for, and performed the duties of, all of the Head Custodians throughout U.S.D. 500.

18.     In March of 2010 plaintiff applied for the position of Audio/Visual Supervisor at a school located within U.S.D. 500.  Despite being well qualified, plaintiff was not hired for this position.

19.     On or about June 23rd, 2010, plaintiff again applied for the position of Head Custodian at a school located within U.S.D. 500. Despite being the best qualified applicant, plaintiff was not hired for this position.

20.     On or about October 19th, 2010, plaintiff filed an overtime claim with the Kansas Department of Labor.

21.     On or about November 3rd, 2010, plaintiff filed a second charge against U.S.D. 500, this time with the Kansas Human Rights Commission (hereinafter "KHRC"). Mr. Vaughn was aware that plaintiff had filed this charge.

22.     On or about December 4th, 2010, plaintiff applied for the position of Head Custodian at West Middle School, located within U.S.D. 500. Despite being the best qualified applicant, plaintiff was not hired for this position.

23.     On or about May 21st, 2011, plaintiff applied for the position which he had previously held as Head Custodian at Wyandotte High School, located within U.S.D. 500. Despite being the best qualified applicant, plaintiff was not hired for this position.

24.     On or about June 22nd, 2011, plaintiff applied for the position of Head Custodian at West Branch Library, located within U.S.D. 500. Despite being the best qualified applicant, plaintiff was not hired for this position.

25.     On or about July 29th, 2011, plaintiff applied for the position of Head Custodian at Douglas Elementary, located within U.S.D. 500. Despite being the best qualified applicant, plaintiff was not hired for this position.

26.     On or about October 3rd, 2011, plaintiff filed a third charge against U.S.D. 500, again with the EEOC.

27.     Since plaintiff's termination he has applied for nine job positions, including eight Head Custodian positions, within U.S.D. 500.  Despite being well qualified or the best qualified, for each position, he has been turned down each time.

28.     At all times relevant to this matter, defendant Vaughn was the Director of Classified Human Resources for U.S.D. 500 and ultimately in charge of the hiring decisions made by the district.

## COUNT I:  RETALIATION IN VIOLATION OF TITLE VII AND
## 42 U.S.C. § 1981 BY DEFENDANT U.S.D. 500

29.     Plaintiff incorporates by reference paragraphs 1-28 as though fully set forth herein.

30.     Plaintiff, in good faith, opposed what he believed to be racial discrimination.  Specifically, plaintiff filed three charges, two with the EEOC and one with the KHRC, regarding his 2007 termination and the subsequent difficulties he has experienced in being promoted to a similar job within U.S.D. 500.

31.     Because of his complaints with the EEOC and KHRC, plaintiff was subjected by U.S.D. 500 to a pattern of retaliatory employment actions, namely his failure to be hired and/or promoted to jobs that he was well qualified to receive.  These retaliatory actions against plaintiff were the result of a policy of U.S.D. 500.

32.     As a result of these retaliatory acts, the plaintiff suffered damages in the form of loss of wages and benefits, mental anguish, anger, emotional distress and loss of enjoyment of life.

WHEREFORE, the plaintiff prays for judgment against defendant U.S.D. 500 in excess of $100,000.00, consisting of back pay and loss of benefits, front pay, emotional

distress and mental anguish, attorney fees, litigation expenses, prejudgment interest, and such other and further relief as the Court deems just and proper.

## COUNT II:  RETALIATION IN VIOLATION OF 42 U.S.C. § 1981 BY DEFENDANT VAUGHN

33.    Plaintiff incorporates by reference paragraphs 1-32 as though fully set forth herein.

34    Defendant Vaughn was aware that plaintiff engaged in protected activities by filing charges with the EEOC and KHRC.

35.    As the Director of Classified Human Resources, defendant Vaughn was delegated final policymaking authority in regard to hiring and promotion decisions for all classified employees, including plaintiff.

36.    Because of plaintiff's complaints with the EEOC and KHRC, defendant Vaughn subjected plaintiff to a pattern of retaliatory employment actions, namely plaintiff's failure to be hired and/or promoted to jobs that he was well qualified to receive. In retaliating against plaintiff, defendant Vaughn violated clearly established law.  In addition, defendant Vaughn set in motion a series of events which he knew, or reasonably should have known, would cause the Board of Education of U.S.D. 500 to deprive plaintiff of his rights under § 1981.

37.    As a result of these retaliatory acts, plaintiff suffered damages in the form of loss of wages and benefits, mental anguish, anger, emotional distress and loss of enjoyment of life.  In addition, in retaliating against plaintiff, defendant Vaughn acted with malice or with reckless indifference to plaintiff's federally protected rights. Consequently, defendant Vaughn is liable for punitive damages.

WHEREFORE, the plaintiff prays for judgment against defendant Vaughn in excess of $100,000.00, consisting of back pay and loss of benefits, front pay, emotional distress and mental anguish, punitive damages, attorney fees, litigation expenses, prejudgment interest, and such other and further relief as the Court deems just and proper.

## COUNT III: OVERTIME WAGES DUE BY U.S.D. 500 PURSUANT TO FLSA

38.     Plaintiff incorporates by reference paragraphs 1-37 as though fully set forth herein.

39.     Beginning in December of 2009, when he became the Relief Custodian, plaintiff worked overtime, the compensation for which was wrongfully and willfully withheld from plaintiff and never paid to him at the correct rate.

40.     The Fair Labor Standards Act provides that employees shall be compensated for time over forty hours per week at a rate of one and one-half times the regular rate at which he is employed.  29 U.S.C. § 207(a)(1).

41.     Plaintiff has not been compensated at the correct rate for the additional time worked.

WHEREFORE, Plaintiff prays for judgment against defendant, U.S.D. 500, in excess of $10,000.00, consisting of unpaid overtime wages, liquidated damages, attorney fees, litigation expenses, prejudgment interest, and such other and further relief as the Court deems just and proper.

Respectfully Submitted,

SLOAN, EISENBARTH, GLASSMAN
McENTIRE & JARBOE, L.L.C.

BY:   s/Alan V. Johnson
        Alan V. Johnson, KS #9992
        ajohnson@sloanlawfirm.com


BY:   s/Derek L Brown
        Derek L. Brown, KS #25076
        dbrown@sloanlawfirm.com
        ATTORNEYS FOR PLAINTIFF

8

## REQUEST FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. Pro. 38, the plaintiff requests a trial by jury on all claims

triable to a jury.

<div style="margin-left: 40%;">

SLOAN, EISENBARTH, GLASSMAN
McENTIRE & JARBOE, L.L.C.

BY:    s/Alan V. Johnson_____
       Alan V. Johnson, KS #9992
       Derek L. Brown, KS #25076
       ajohnson@sloanlawfirm.com
       dbrown@sloanlawfirm.com
       ATTORNEYS FOR PLAINTIFF

</div>

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests that Kansas City, Kansas, be designated as the place of trial in

the above-captioned matter.

SLOAN, EISENBARTH, GLASSMAN
McENTIRE & JARBOE, L.L.C.

BY:   s/Alan V. Johnson_____
Alan V. Johnson, KS #9992
Derek L. Brown, KS #25076
ajohnson@sloanlawfirm.com
dbrown@sloanlawfirm.com
ATTORNEYS FOR PLAINTIFF